DEWEY *against* DERBY, MONTGOMERY, and others.

Where a joint bond is given for the performance of covenants, a *parol* discharge of one of the obligors, without consideration, is not a discharge of the bond, nor can it be given in evidence under the general issue.

THIS was an action of *covenant* on a bond, executed by the defendants, jointly, to the plaintiff, as Sheriff, conditioned for the faithful discharge, by *Derby*, of the duties of the office of deputy Sheriff and Gaoler, &c. The declaration contained specific breaches. The defendants pleaded, 1. *Non est factum.* 2. Negativing the breaches assigned. 3. A release and discharge. Under the first plea, they gave notice, that they would give in evidence, at the trial, a release of one of the joint obligors by parol, &c. The cause was tried at the *Chatauque* circuit, in *June* last, before Mr. Justice *Platt.* At the trial, the plaintiff proved the execution of the bond, and the breaches assigned. The defendants offered to prove, that previous to the suffering or committing any breach of the condition of the bond, the plaintiff had, by *parol,* released and discharged *James Montgomery,* one of the defendants, and a joint obligor, from all liability on the bond. The plaintiff's counsel objected to the evidence, and it was overruled by the Judge. The jury found a verdict for the plaintiff, for 615 dollars and 80 cents.

A motion was made to set aside the verdict, and for a new trial.

*A. H. Tracy,* for the defendants, made two points : 1. That an instrument, under seal, for the performance of covenants, may, before a breach of the condition, be discharged by parol. (*Fleming* v. *Gilbert,* 3 *Johns. Rep.* 528. *Lattimore* v. *Harsen,* 14 *Johns. Rep.* 330. *Ratcliff* v. *Pemberton,* 1 *Esp. N. P. Rep.* 35. 1 *Roll. Abr.* 453. pl. 5. 1 *Str.* 538. *Doug.* 661.)

2. That a discharge of one joint obligor, discharges all. (*Rowley* v. *Stoddard,* 7 *Johns. Rep.* 207. *Co. Litt.* 232 *a.* 2 *Saund.* 48 *a.* 2 *Salk.* 574. *Hob.* 70. *Cro. Eliz.* 762.)

*A. Dixon*, contra, insisted, 1. That an express release of an instrument under seal, must be by writing under seal. (2 *Saund.* 48, note 1. *Moore's Rep.* 573. 1 *Roll. Rep.* 43. *Co. Litt.* 364 *b.* 6 *Co.* 44, note *a.* 2 *Wils.* 376.)

Again; there was no consideration for this discharge; and without a consideration, or a seal, which implies one, it is void. (2 *Johns. Rep.* 448. 13 *Johns. Rep.* 87. 17 *Johns. Rep.* 167.)

2. A release of one joint obligor, does not operate as a release of his co-obligors, unless it be a technical release, or under seal. (*Rowley* v. *Stoddard*, 7 *Johns. Rep.* 207. 2 *Johns. Rep.* 448.)

WOODWORTH, J. delivered the opinion of the Court. The plaintiff declared on a bond, conditioned for the faithful discharge, by *Derby*, of the duties of deputy Sheriff.

At the trial, the defendants offered to prove, that previous to a breach of the condition, the plaintiff had, by parol, released, and discharged *James Montgomery*, one of the defendants, and a joint obligor in the bond, from all liability on the same; the evidence was rejected, and a verdict taken for the plaintiff.

The first question is, whether a parol discharge exonerated *Montgomery* from liability? and, secondly, if it did, whether the other defendants were thereby discharged?

1. The evidence offered, not making out a technical release, and no consideration or inducement appearing for the parol discharge, it is a *nudum pactum*, and consequently void.

It is evident, that the plaintiff did not intend to discharge all the defendants. The proof offered must be considered as evidence of an agreement not to sue *Montgomery*. If he had been the sole obligor, and such agreement had been made, on a valid consideration, or if there had been an express covenant not to sue, it would operate as a release, to avoid circuity of action; but where there are several obligors, a covenant not to sue one of them, is not a release of the demand, or a protection to the others; the remedy is on the covenant. (*Harrison* v. *Wilcox* and *Close*, 2 *Johns. Rep.* 449.) If this doctrine be correct, it follows, that the evi-

dence was, on this ground, properly overruled. The defendant, who claims the benefit of the agreement, must pursue his remedy in another form. Here is no release by writing under seal, no accord and satisfaction, (for that requires the payment of a sum equal to the debt, otherwise it is no satisfaction, unless by deed,) no consideration whatever, to give effect to the parol agreement; so that, neither in this cause, or any other form of action, can the evidence offered be of any avail.

The cases which show that the time of performance may be extended by parol, before an agreement is broken, are not analogous; they do not annul the contract, but affirm it. The defence here, if successful, destroys the right of action altogether.

The rule is correctly laid down, in *Seymour* v. *Minturn*, (13 *Johns. Rep.* 175.) that where there is an agreement, upon an adequate consideration, to pay a sum certain, the promisor cannot avoid that agreement, by an agreement to receive a less sum. The bond implies a valid consideration. The attempt is to avoid it on a discharge wholly without consideration; this cannot succeed.

The case of *Fleming* v. *Gilbert*, (3 *Johns. Rep.* 528.) is supposed to bear on this question; but, on examination, it will be found not to contravene the propositions already advanced. It was in that case decided, that the time of the performance of the condition of a bond may be enlarged by parol; and that where certain acts were done by the obligor, amounting to a substantial, though not a literal performance of the condition, evidence of a parol agreement of the obligee, to waive any other performance, was admissible. The ground taken by the Court was, that the plaintiff's conduct could be viewed in no other light than as a waiver of a compliance with the condition of the bond; that it was a sound principle, that he who prevents a thing being done, shall not avail himself of the non-performance he has occasioned.

The case of *Lattimore and others* v. *Harsen*, (14 *Johns. Rep.* 330.) is also relied on by the defendants, but will be found to be an authority against them.

The plaintiffs and defendant entered into an agreement under seal, by which the former agreed to perform certain

work, and bound themselves under a penalty. Some time afterwards, the plaintiffs became dissatisfied with their agreement, and determined to leave off the work. The defendant then released them by parol from the covenant; and promised, if they would go on, to pay them by the day. The action was brought for the work done under this arrangement, and the plaintiffs recovered. The point decided was, that the contract made under the new arrangement was binding on the defendant. The effect of the parol release was not a question necessary to be decided. It is evident the Court considered it unavailing, for they observe, " by the former contract, the plaintiffs subjected themselves to a certain penalty, for the non-fulfilment, and if they chose to incur this penalty they had a right to do so; and notice of such intention was given to the defendant, upon which he entered into the new arrangement."

The preceding view of this case renders it unnecessary to consider the second point raised by the defendants. We are of opinion that the motion to set aside the verdict, and grant a new trial, ought to be denied.

Motion denied.